FILED
2007 Jan-26  AM 11:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ELEKTRA ENTERTAINMENT GROUP, INC.**, a Delaware corporation; **WARNER BROS. RECORDS, INC.**, a Delaware corporation; **CAPITOL RECORDS, INC.**, a Delaware corporation; **SONY BMG MUSIC ENTERTAINMENT**, a Delaware general partnership; **ARISTA RECORDS, LLC**, a Delaware limited liability company; and **BMG MUSIC**, a New York general partnership, | |
| Plaintiffs, | Civil Action Number **2:06-cv-4724-UWC** |
| vs. | |
| **MICHAEL BICE (AKA MICHAEL ALLCORN)**, | |
| Defendant. | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
### AND
### AWARD OF COSTS

I.  Findings of Fact

1.  This action was initiated by Plaintiffs for copyright infringement, pursuant to 17

U.S.C. § 101, *et seq.*, on November 21, 2006.

2. Defendant Micheal Bice (aka Michael Allcorn) was properly served with the Summons and Complaint on November 30, 2006.

3. More than twenty days have passed since Defendant was served and he has failed to answer or otherwise appear.

4. Defendant is not an infant, incompetent, or engaged in Military Service.

5. The Clerk of this Court entered default against Defendant on January 24, 2007.

6. There is no evidence that Defendant has stopped infringing on Plaintiffs' copyrights, that Defendant will stop infringing on Plaintiffs' current rights, or that Defendant will refrain from infringing on copyrights that Plaintiffs obtain in the future.

7. Defendant's conduct is causing irreparable injury to Plaintiffs that cannot fully be compensated or measured in money, and Plaintiffs will continue to suffer such injury unless the Court enjoins Defendant's continuing infringements of Plaintiffs' copyrights.

II.  Conclusions of Law

1. Plaintiffs are entitled to a permanent injunction prohibiting Defendant from infringing on the current copyrights of Plaintiffs.  *See* 17 U.S.C. § 502.

2. To promote judicial economy and avoid similar actions in the future, the injunction issued against Defendant will apply not only to existing work, but also to any future copyrighted works.  *See, e.g., Sony Music Entm't, Inc. v. Elias*, No. CV03-6387DT(RCX), 2004 WL 141959, at *5 (D.C. Cal. Jan. 20, 2004); *Picker Int'l Corp. v. Imaging Equip. Servs., Inc.*, 931 F. Supp. 18 (D. Mass. 1995).

3. Plaintiffs are entitled to recover statutory damages in the amount of $8,250.00.  *See* 17 U.S.C. § 504.

4. Plaintiffs are entitled to recover costs in the amount of $420.00.  *See* 17 U.S.C. § 505.

By separate orders, a final judgment and permanent injunction will be entered.

Done this 27th day of January, 2007.

*(signature)*

_____

U.W. Clemon
United States District Judge